IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF ILLINOIS, <br><br>　　　　　Plaintiff,<br><br>v.<br><br>JENNIFER RUEBEL<br>M.R., a minor child, and<br>L.R., a minor child,<br><br>　　　　　Defendants. | Case No.: 4:18-cv-1986<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Safeco Insurance Company of Illinois, pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint for Declaratory Judgment, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. At all times relevant herein, Plaintiff Safeco Insurance Company of Illinois was an insurance company organized under the laws of Illinois, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116.  Safeco Insurance Company of Illinois is a citizen of Illinois and Massachusetts, and is not a citizen of Missouri.

2. Defendant Jennifer Ruebel ("Jennifer Ruebel") is an individual and a citizen of the State of Missouri.  Upon information and belief, Jennifer Ruebel resides in St. Louis, Missouri.  Jennifer Ruebel is a citizen of Missouri alone and not a citizen of Illinois or Massachusetts.

3. Defendant M.R. (hereinafter "M.R.") is a minor child of Jennifer Ruebel. Upon information and belief, M.R. is a resident of St. Louis, Missouri. M.R. is a citizen of Missouri alone and not a citizen of Illinois or Massachusetts.

4. Defendant L.R. (hereinafter "L.R.") is a minor child of Jennifer Ruebel. Upon information and belief, L.R. is a resident of St. Louis, Missouri. L.R. is a citizen of Missouri alone and not a citizen of Illinois or Massachusetts.

5. L.R. and M.R. are hereinafter collectively referred to as "the Minors".

6. Accordingly, Plaintiff Safeco Insurance Company of Illinois is a citizen of different states as Defendants Jennifer Ruebel, L.R., and M.R. (collectively, "the Defendants"), as required by 28 U.S.C. § 1332(a)(1).

7. This action seeks a declaratory judgment relating to the extent, if any, of insurance coverage for claims asserted by the Defendants under a policy of insurance issued by Safeco.

8. The amount sought under the claims is in excess of Seventy-Five Thousand Dollars ($75,000), as demonstrated by the Minor's demand for liability coverage under an automobile policy issued to Jennifer Ruebel by Safeco. The maximum potential coverage afforded under the subject policy for each of the Minor's claims for liability coverage is the policy's $100,000 "each person" limit, for a total of $200,000.

9. Venue is proper in the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(1) and/or 28 U.S.C. § 1391(b)(2).

**THE INSURANCE POLICY**

10. Safeco Insurance Company of Illinois issued an automobile policy to named insureds Larry Ruebel and Jennifer Ruebel, Policy No. Z4768247, with effective dates of April

16, 2015 through April 16, 2016, identifying two covered vehicles: a 2009 Honda Civic and a 2007 Dodge Ram (hereinafter the "Policy"). The Policy includes bodily injury liability coverage, with a limit of $100,000 for "Each Person" and $300,000 for "Each Occurrence". (*See* Policy, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.)

## THE CONTROVERSY

11. On August 15, 2015, Defendants were involved in a single-vehicle accident while occupying a 2009 Honda Civic operated by Jennifer Ruebel in Madison County, Missouri, when the vehicle traveled off of the roadway and overturned (hereinafter, the "Accident").

12. By letter dated March 16, 2016, counsel for the Minors made a claim for recovery of liability benefits under the Policy, and demanded that Safeco pay M.R. and L.R. each the $100,000 liability policy limit under the Policy based upon the purported negligence of Jennifer Ruebel, thereby demanding a total of $200,000 in liability coverage. (*See* March 16, 2016 Correspondence, a true and correct copy of which is attached hereto as Exhibit B.)

13. Defendants claims for liability coverage under the Policy are precluded or limited by the following policy language:

**PART A – LIABILITY COVERAGE**

**INSURING AGREEMENT**

> **A.** We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

. . .

Exhibit A, Policy, at p. 41 of 66.

3

14. Defendants claims for liability coverage under the Policy are precluded or limited by the following policy language:

**EXCLUSIONS**

  **A.** We do not provide Liability Coverage for:

    . . .

    **12. Bodily injury** to you or any **family member** to the extent that the limits of liability for this coverage exceed the **minimum limits** required by the Missouri Financial Responsibility Law.

Exhibit A, Policy, at p. 42–43 of 66.

15. The Policy defines the term "family member" as follows:

**DEFINITIONS**

. . .

  **G.** "**Family member**" means a person related to you by blood, marriage, civil union, domestic partnership or adoption who is a resident of your household. This includes a ward or foster child who is a resident of your household.

Exhibit A, Policy, at p. 39 of 66.

16. The Policy defines the terms "you" and "your" as follows:

  **A.** Throughout this policy, "you" and "your" refer to:

    **1.** The "named insured" shown in the Declarations;

    . . .

Exhibit A, Policy, at p. 39 of 66.

17. Jennifer Ruebel qualifies as "you" under the Policy, as she is listed as a Named Insured under the Policy's Declarations page. Exhibit A, Policy, at p. 31 of 66.

18. The Policy defines "minimum limits" as follows:

  **D.** Throughout the policy, "**minimum limits**" refers to the following limits of liability required by Missouri law to be provided under a policy of automobile liability insurance:

1. $25,000 for each person, subject to $50,000 for each accident, with respect to **bodily injury**;

2. $10,000 for each accident with respect to **property damage**.

Exhibit A, Policy, at p. 39 of 66.

19. M.R. meets the definition of "family member" under the Policy. M.R. is a person related to Jennifer Ruebel by blood or marriage and is a resident of her household.

20. L.R. meets the definition of "family member" under the Policy. L.R. is a person related to Jennifer Ruebel by blood or marriage and is a resident of her household.

21. Safeco has no duty to indemnify Jennifer Ruebel, or provide bodily injury liability benefits to the Minors, under the Policy for amounts of liability coverage in excess of the $25,000 minimum limits required by Missouri's Motor Vehicle Financial Responsibility Law.

22. Safeco brings this action seeking the Court's interpretation of the subject policy and a declaration of Safeco's rights and obligations with respect to the claims asserted by Defendants.

23. An actual justifiable controversy exists between Safeco and Defendants. Resolution of the matters raised in this action will dispose of coverage issues related to the subject policies.

24. All necessary and proper parties are before the Court for the matters in controversy.

25. Safeco has no other adequate remedies at law other than the claims set forth herein.

WHEREFORE, Plaintiff Safeco Insurance Company of Illinois respectfully requests that this Court enter Judgment in its favor and against Defendants Jennifer Ruebel, M.R., and L.R. as follows:

a. declaring that the Policy only provides $25,000 in bodily injury liability benefits for M.R.'s claim;

b. declaring that Safeco's payment of $25,000 in bodily injury liability benefits to M.R. will exhaust Safeco's indemnity obligations under the Policy for M.R.'s claim;

c. declaring that the Policy only provides $25,000 in bodily injury liability benefits for L.R.'s claim;

d. declaring that Safeco's payment of $25,000 in bodily injury liability benefits to L.R. will exhaust Safeco's indemnity obligations under the Policy for L.R.'s claim;

e. granting Safeco such further relief as this Court deems just and proper.

Respectfully submitted,
**SEYFERTH BLUMENTHAL & HARRIS LLC**

*/s/ Bruce A. Moothart*
Bruce A. Moothart, # 45517MO
4801 Main Street, Suite 310
Kansas City, Missouri 64112
(816) 756-0700 (Telephone)
(816) 756-3700 (Facsimile)
bruce@sbhlaw.com
*Attorney for Plaintiff Safeco Insurance Company of Illinois*